UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHEVALIER HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-522 JAR |
| | ) | |
| NEWREZ, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by self-represented plaintiff Chevalier

Howard: a motion to seal this case and a motion for a non-civil case number. ECF Nos. 4-5. Both

motions will be denied for the reasons discussed below.[1]

### Background

Plaintiff initiated this suit by filing a document titled "Bill in Equity" on May 4, 2021. ECF

No. 1. In that pleading, plaintiff states that he seeks relief for "1) Breach of Contract, 2) Breach

of Fiduciary Duty, 3) Fraud in the Factum, 4) Negligent Misrepresentation, 5) Gross Negligence,

and 6) Unjust Enrichment." *Id.* at 1. The pleading is difficult to follow with long, quoted passages

and extensive underlining. However, it seems that the case pertains to a mortgage loan agreement

for the purchase of real property, that plaintiff entered into "by mistake, error, and accident" in

2004. *Id.* at 9. The loan is now being serviced by one or more of the defendants, who plaintiff

describes as "transferees and assignees" of the loan contract. *Id.* at 21. Plaintiff seems to be

asserting that defendants have breached the loan agreement – as they "'inherit' the liabilities" of

---

[1] The Court acknowledges that there is still a motion to proceed *in forma pauperis* pending before this Court. ECF No. 2. This motion is under advisement and will be ruled in a separate order.

the original loan provider – but also that plaintiff is not bound by the original loan agreement due to a lack of full disclosure when the contract was executed. *Id.* at 20-21. It appears that plaintiff is behind in payments on the loan and defendants are attempting to collect, with a possibility of foreclosure. ECF No. 1-3 at 6, 40-43. In January 2021, plaintiff sent defendants a "Billing Statement" charging them over 25 million dollars for the alleged crimes committed regarding the loan. *Id.* at 25. Plaintiff also reported defendants to the IRS for alleged violations of income tax law. *Id.* at 50-53.

### Motion to Seal (ECF No. 4)

Plaintiff's reasons for wanting to seal this matter are as follows:

[S]o the public may not be alarmed or harmed by comprehending:

1) the impact of the Trading with the Enemy Act (1917) that was amended by the Emergency Banking Relief Act (1933), which confirmed and approved Presidential Proclamation 2039 on March 6, 1933 and Presidential Proclamation 2040 on March 9, 1933. … and

2) how lending institutions create money with little to no risk due to their refusal to comply with Generally Accepted Accounting Principles (GAAP) and Generally Accepted Auditing Standards (GAAS).

ECF No. 4 at 1-2. Plaintiff argues that Acts and Proclamations from 1917 and 1933 diminished the "rights" of United States citizens to just "privileges," which has caused "due process rights to be not cognizable in courts of law." *Id.* Also, plaintiff argues that noncompliance with accounting and auditing principles have the "same economic effect [as] stealing, counterfeiting, and swindling the public." *Id.* at 2. Plaintiff warns that if the public was aware of these crimes, it would cause "irreparable alarm and/or harm." *Id.* Plaintiff cites no legal authority (e.g., constitutional provisions, statutes, or cases) to support his motion.

Under Local Rule 13.05, pleadings and documents in civil cases can be filed under seal "[u]pon a showing of good cause." E.D. Mo. L. R. 13.05(A)(1). A district court "has supervisory

-2-

control over its records" and "[w]hether or not to seal a court file is a decision 'best left to the sound discretion of the trial court.'" *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)); *Duckworth v. St. Louis Metro. Police Dep't*, 654 F. App'x 249, 250 (8th Cir. 2016) (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)).

There is a common-law right of access to judicial records of a civil proceeding. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). Whether the common-law presumption can be overcome is determined by balancing "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides "the most compelling reasons" for doing so. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (citation omitted). In general, a private parties' desire to maintain confidentiality is not enough to overcome the "long-standing presumption of public access to litigation in the courts." *CAA Sports LLC. v. Dogra*, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018). Sealing documents is generally appropriate when necessary to "shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and conceal personal identifying information such as social security numbers or dates of birth." *Id.* (compiling cases).

Here, plaintiff attempts to justify the sealing of this matter with the belief that the general public will be alarmed by Presidential Proclamations issued over eighty-five years ago and alleged abuses in accounting practices. The Court disagrees. Plaintiff has not shown good cause or a compelling reason to overcome the presumption of public access to judicial records. Any desire by private-party plaintiff to maintain confidentiality of this matter does not outweigh the Court's

interest in preserving the common-law right of access to judicial records of a civil proceeding. Plaintiff's motion to seal will be denied.

### Motion for Non-Civil Case Number (ECF No. 5)

Self-represented plaintiff also filed a "Motion for Non-Civil Case Number" which states in its entirety: "COMES NOW Complainant incorporates by reference the Complaint. Pursuant to pages 1-7 of said Complaint, namely paragraphs 1 and 3-12, Complainant motions this Court for a non-civil case number." ECF No. 5 at 1. Plaintiff does not state what kind of case number he would like this case to have instead of a civil case number.

This case would not be appropriately labelled with a criminal case number, as the matter does not involve criminal charges brought by the government. To the extent that plaintiff seeks a miscellaneous case number for this matter, that would also be inappropriate. Miscellaneous cases are brought for matters such as motions to quash subpoenas issued by other courts, registrations of judgments for another district, and similar miscellaneous matters. The Court notes that plaintiff filed a miscellaneous case in this Court in 2016 that was found to be inappropriately filed and the complaint was transferred to a regular civil action. *See Howard v. James B Nutter & Co.*, No. 4:16-cv-336-CDP (E.D. Mo. filed Mar. 8, 2016). Similar to this case, that civil action also involved a foreclosure on real property. The Court finds that this breach of contract action between private parties was appropriately filed as a civil action. Plaintiff's motion for a non-civil case number will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to seal [ECF No. 4] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for a non-civil case number [ECF No. 5] is **DENIED.**

Dated this _18th_ day of May, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE