# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHEVALIER HOWARD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21-CV-522 JAR |
| NEWREZ, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Chevalier Howard brings this civil action for alleged breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, gross negligence, and unjust enrichment. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial affidavit submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the Plaintiff's filings, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Plaintiff's Filings**

Plaintiff initiated this suit by filing a document titled "Bill in Equity" on May 4, 2021. ECF No. 1. In that pleading, Plaintiff states that he seeks relief for "1) Breach of Contract, 2) Breach of Fiduciary Duty, 3) Fraud in the Factum, 4) Negligent Misrepresentation, 5) Gross Negligence, and 6) Unjust Enrichment." *Id.* at 1. According to Plaintiff, this suit involves a "negotiable

instrument in the form of a promissory note," yet Plaintiff did not include such note in the many pages of exhibits filed with his pleadings. *See* ECF Nos. 1-1 through 1-10.[1]

The pleadings are difficult to follow with long, quoted passages and extensive underlining. Based on what the Court can decipher, it seems that the case pertains to a mortgage loan agreement for the purchase of real property, that Plaintiff entered into "by mistake, error, and accident" in 2004. ECF No. 1 at 9 ¶ 21. Plaintiff signed the loan agreement with the St. Louis Postal Credit Union (which later became Neighbors Credit Union), who Plaintiff calls the "Original Creditor" and who is not named as a defendant in this suit. *Id.* at 8 ¶ 16. Instead, Plaintiff names as defendants: (1) "NewRez, LLC;" (2) "NewRez, LLC dba Shellpoint Mortgage Servicing;" (3) "FHCMC-NRZ Amerihome 207840" (hereinafter "Amerihome"); and (4) Catherine Dondvilla. *Id.* at 8 ¶¶ 17-20. Plaintiff states that the loan is now being serviced by one or more of the Defendants, who Plaintiff describes as "transferees and assignees" of the loan contract. *Id.* at 21.

Plaintiff seems to be asserting that Defendants have breached the loan agreement – as they "'inherit' the liabilities of the Original Creditor" – but also that Plaintiff is not bound by the original loan agreement due to a lack of full disclosure when the contract was executed. *Id.* at 20-21 ¶ 45. It appears that Plaintiff is behind in payments on the loan and Defendants are attempting to collect, with a possibility of foreclosure. ECF No. 1-3 at 6, 40-43. In January 2021, Plaintiff sent Defendant Dondvilla a "Billing Statement" demanding over 25 million dollars for the crimes Plaintiff alleges were committed regarding the loan. *Id.* at 25. Plaintiff also reported Defendants to the IRS for alleged violations of income tax law. *Id.* at 50-53.

Plaintiff asserts that this Court has "pre-1933 exclusive American/English equitable jurisdiction" over this matter, relying on "maxims of equity" and treatises written in 1907 and

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

earlier. ECF No. 1 at 1-3, 4 ¶¶ 3-12, 30. Plaintiff states that this "[i]nherent or exclusive equity is solely based on the principles of good faith, good reason, and good conscience" and that it is "distinct and different[] from the current form of equity … that was merged into the Federal Rules of Civil Procedure." *Id.* at 3 ¶ 1. Furthermore, Plaintiff claims that "[o]nly a Federal District Court with an Article 3 Chancellor or a *de* jure Missouri State Court with an Article 6 Chancellor, sitting in an exclusive American/English equitable jurisdiction, in Chambers, under rules of American/English Equity, in a suit that is sealed and private, to the exclusion of the public 'enemies,' can grant the equitable relief sought by Complainant." *Id.* at 7 ¶ 12.

However, Plaintiff states that this Court also has diversity jurisdiction. *Id.* at 4 ¶ 2. Plaintiff describes himself as "foreign[] to the incorporated United States of America" in that he "privately resides and privately domiciles within a non-military occupied private estate." *Id.* at 4 ¶ 2, 8 ¶ 15. Plaintiff describes Defendants as "'statutory persons' within the incorporated United States of America, in the states of Pennsylvania, Delaware, South Carolina, and Virginia." *Id.* at 4 ¶ 2. Defendant NewRez, LLC is a "foreign Missouri Limited Liability Company … located in Dover, Delaware" and Defendant NewRez, LLC dba Shellpoint Mortgage Servicing is a "Missouri Fictitious name … located in Plymouth Meeting, Pennsylvania." *Id.* at 8 ¶¶ 17-18. Both of these Defendants "engage[] in the servicing of 'loans' secured by residential real property and debt collection activities." *Id.* Plaintiff states that Defendant Amerihome is an entity believed to be a trust … located in McLean, Virginia" who "[o]n information and belief, [] engages in investing in mortgage back securities, collateralized debt obligations, and/or asset-back securities." *Id.* at 8 ¶ 19. Finally, Defendant Catherine Dondvilla is "a natural person … located in Greenville, South Carolina" who is "responsible for all financial activities of NewRez, LLC." *Id.* at 8 ¶ 20.

On May 19, 2021, this Court issued an Order denying Plaintiff's Motion to Seal (ECF No. 4) and Plaintiff's Motion for a Non-Civil Case Number (ECF No. 5). ECF No. 7. The Court found that Plaintiff had not shown good cause or a compelling reason to overcome the presumption of public access to judicial records and that any desire by a private-party plaintiff to maintain confidentiality did not outweigh the Court's interest in preserving the common-law right of access to judicial records of a civil proceeding. As to the non-civil case number, Plaintiff did not state what kind of case number he would like this case to have instead of a civil case number, but the Court found that this breach of contract action between private parties was appropriately filed as a civil action.

### Plaintiff's Background

Based on a review of court records, Plaintiff has been involved in multiple lawsuits concerning real estate property foreclosures pertaining to a private trust.[2] In 2016, Plaintiff filed a miscellaneous case in this Court that was found to be inappropriately filed and was transferred to a regular civil action. *See Howard v. James B Nutter & Co.*, No. 4:16-cv-336-CDP (E.D. Mo. filed Mar. 8, 2016). Plaintiff brought that civil action, which involved a foreclosure on real property, on behalf of a disabled private trust: "Wade-Garden Village Private Trust." *Id.* at ECF No. 1. Plaintiff claimed to be a "foreign citizen" in that case as well, describing himself as a "private citizen of the United States of America, privately residing and privately domiciling within a non-military occupied private estate, outside a 'Federal District', not subject to the jurisdiction of the United States." *Id.* at ECF No. 3-1 at 1. The Court found Plaintiff's claim of foreign

---

[2] The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

citizenship "frivolous" and similar to "sovereign citizen" arguments that have been rejected by the Eighth Circuit. The case was dismissed for lack of subject-matter jurisdiction. *Id.* at ECF No. 4.

Plaintiff, under the name "CP Howard," also appears to have been involved in a suit to quiet title in state court where the "Dix-Osage Private Trust" was alleged to have recorded documents with "fraudulent intent [and] for the purposes of clouding title to the [subject] Property in order to prevent a foreclosure sale." *Bank of America, N.A. v. Richard Nix, et al.*, No. 1822-CC1637 (22nd Jud. Cir. filed Nov. 12, 2018). That matter was eventually voluntarily dismissed by the parties.

In this case, Plaintiff attached a "Notice of Trust & Entitlement Order" exhibit in which he seems to be attempting to transfer a mortgage loan account into a private trust of which he is the sole "Settlor/Beneficiary." ECF No. 1-3 at 15-16. Furthermore, in Plaintiff's 'Billing Statement' demanding payment of over 25 million dollars from Defendant Catherine Dondvilla at Shellpoint Mortgage Servicing, Plaintiff directs that the money should be sent to: "LCW Investment Trust." ECF No. 1-3 at 25. It is unclear how this Trust is related the facts of this case. Plaintiff, who has allegedly been unemployed since 2005 (*see* ECF No. 2 at 2), has been very busy with private trust transactions.

## Discussion

The Court notes that Plaintiff's filings have many potential pleading problems.[3] However, at the outset, the Court has an obligation to determine whether it has jurisdiction over this matter. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits

---

[3] The claims Plaintiff seeks to assert under the original mortgage loan agreement are unclear. Plaintiff seems to be claiming that Defendants are liable as "assignees" of the contract, but at the same time, Plaintiff argues that the contract is invalid because he was fraudulently induced into signing it. He attached exhibits demonstrating his attempts to rescind his signature from the contract and revoke his power of attorney regarding the agreement. ECF No. 1-3 at 31-32. Furthermore, if Plaintiff's arguments are founded on an invalid contract, he must prove the invalidity of the original contract – yet he has neither attached the contract for inclusion in the case filings nor has he named the Original Creditor (who allegedly fraudulently induced him into the contract) as a defendant.

of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citations omitted). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Contrary to Plaintiff's assertions about exclusive equity jurisdiction, United States Federal Courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff asserts state law contract claims based on a 2004 mortgage loan agreement. Because the instant action does not arise under the Constitution, laws, or treaties of the United States, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff claims that he is "foreign" to the United States of America, in that he belongs or is subject to another jurisdiction. ECF No. 4 ¶ 2 n. 3. Plaintiff appears to seek the jurisdiction of this Court to settle his claims, while also denying that the Court has jurisdiction over him. He

seems to be attempting to assert diversity jurisdiction under 28 U.S.C. § 1332(a)(2), which allows for suits in federal court based on diversity jurisdiction between "citizens of a State and citizens or subjects of a foreign state."

For an individual like Plaintiff, "citizenship" is synonymous with "domicile" and the two-part test for domicile looks at what state an individual is physically present in and whether he intends to make his home there indefinitely, but not necessarily, permanently. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). In this case, Plaintiff provided the Court with a current mailing address located in the state of Missouri; he entered into a loan agreement with a Missouri credit union in 2004 for the purchase of real property (address unknown); and based on his previous case filing in this Court, he has been residing and dealing in Missouri real property since 2016. Based on the record before the Court, it appears Plaintiff is domiciled in Missouri – not a foreign country.

To the extent that Plaintiff is attempting to assert foreign citizenship based on a "sovereign citizen" argument, such claims completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in a tax case challenging government's jurisdiction over a "sovereign citizen"); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that legal theories of sovereign citizens have been summarily rejected as frivolous); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting as frivolous claims of a "sovereign citizen" or a "secured-party creditor").

Regardless of whether Plaintiff is a Missouri citizen or a foreign citizen, diversity jurisdiction could exist here if all the Defendants are citizens of other states. Defendant NewRez is a limited liability company ("LLC"). The citizenship of an LLC is not determined in the same

way as that of a corporation. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for LLCs, the Court must examine the citizenship of each member of an LLC to determine whether it has diversity jurisdiction. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). For any members of LLCs that are limited liability companies, partnerships, limited partnerships or trusts, facts concerning their underlying members, partners, trustees or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be. Plaintiff, who has the burden here of proving diversity, must plead facts as to the state(s) of citizenship of all of Defendant NewRez, LLC's members, and its member's members, at the time of case filing. In addition, Plaintiff alleges that Defendant Amerihome is a trust, so he must plead facts as to its trustees.

Plaintiff's filings allege only that NewRez is located in Delaware and Amerihome is located in Virginia. This information is insufficient to establish the parties' citizenship for purposes of diversity jurisdiction. Plaintiff does not identify NewRez's members or their state(s) of citizenship at the time of filing, nor Amerihome's trustees or their state(s) of citizenship. Plaintiff's filings are procedurally defective because they do not allege sufficient facts to establish the citizenship of either party.

Furthermore, Plaintiff seeks "compensation for [his] emotional and financial losses" including "actual and exemplary damages," but he does not quantify a specific amount. ECF No. 1 at 21 ¶ 49, 29. According to an exhibit dated April 2021, the principal balance due on the loan at issue was $69,266.44. ECF No. 1-3 at 46. However, in Plaintiff's Billing Statement to Defendant Dondvilla, he demands over 25 million in damages. *Id.* at 25. The facts alleged in the

pleadings do not appear to provide an adequate foundation for Plaintiff's belief that his damages exceed 25 million, nor do they provide sufficient information to meet the amount in controversy requirement at all. In order to satisfy the jurisdiction requirement of $75,000 for diversity, "the existence of the required amount must be supported by competent proof." *OnePoint*, 486 F.3d at 348. When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff has not alleged the amount of damages sought, nor has he supplied any proof that a damage award would exceed $75,000. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement of $75,000.

As a result of these pleadings deficiencies, the existence of federal diversity jurisdiction over this matter is unclear. Plaintiff's complaint is procedurally defective because it does not allege the citizenship of Defendants and it does not supply competent proof that the amount in controversy will exceed the jurisdictionally required amount of $75,000. As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff must show cause no later than **thirty (30) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 14th day of July, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE