UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHEVALIER HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-522 JAR |
| | ) |
| NEWREZ, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Chevalier Howard brings this civil action for alleged violations stemming from a promissory note executed in 2004. On July 14, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* in this matter. ECF No. 8. However, after reviewing Plaintiff's pleadings, the Court directed Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *Id.* Plaintiff filed a response with the Court on August 17, 2021, asserting that the Court has diversity jurisdiction over this matter and seeking to provide clarification on his claims. ECF No. 9. Based on a review of Plaintiff's allegations in light of his recent clarifications, the Court finds that this case should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Case Background**

Plaintiff initiated this suit by filing a document titled "Bill in Equity" on May 4, 2021. ECF No. 1. In that pleading, Plaintiff states that he seeks relief for "1) Breach of Contract, 2) Breach of Fiduciary Duty, 3) Fraud in the Factum, 4) Negligent Misrepresentation, 5) Gross Negligence, and 6) Unjust Enrichment." *Id.* at 1. According to Plaintiff, this suit involves a "negotiable

instrument in the form of a promissory note," yet Plaintiff did not include such note in the exhibits filed with the complaint. *See* ECF Nos. 1-1 through 1-10.[1]

Based on what the Court could decipher from the initial pleadings, the case pertains to a mortgage loan agreement for the purchase of real property, that Plaintiff entered into "by mistake, error, and accident" in 2004. ECF No. 1 at 9 ¶ 21. Plaintiff signed a loan agreement with the St. Louis Postal Credit Union (which later became Neighbors Credit Union), who Plaintiff calls the "Original Creditor" and who is not named as a defendant in this suit. *Id.* at 8 ¶ 16. Instead, Plaintiff names as defendants: (1) "NewRez, LLC;" (2) "NewRez, LLC dba Shellpoint Mortgage Servicing;" (3) "FHCMC-NRZ Amerihome 207840" (hereinafter "Amerihome"); and (4) Catherine Dondvilla. *Id.* at 8 ¶¶ 17-20. Plaintiff states that the loan is now being serviced by one or more of the Defendants, who Plaintiff describes as "transferees and assignees" of the loan contract. *Id.* at 21.

Plaintiff seems to assert that Defendants breached the loan agreement – as they "'inherit' the liabilities of the Original Creditor" – but also that Plaintiff is not bound by the original loan agreement due to a lack of full disclosure when the contract was executed. *Id.* at 20-21 ¶ 45. It appears that Plaintiff is behind in payments on the loan and Defendants are attempting to collect, with a possibility of foreclosure. ECF No. 1-3 at 6, 40-43. In January 2021, Plaintiff sent Defendant Dondvilla a "Billing Statement" demanding over 25 million dollars for the crimes Plaintiff alleges were committed regarding the loan. *Id.* at 25. Plaintiff also reported Defendants to the IRS for alleged violations of income tax law. *Id.* at 50-53.

Plaintiff asserts that this Court has "pre-1933 exclusive American/English equitable jurisdiction" over this matter, relying on "maxims of equity" and treatises written in 1907 and

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

earlier. ECF No. 1 at 1-3, 4 ¶¶ 3-12, 30. Plaintiff states that this "[i]nherent or exclusive equity is solely based on the principles of good faith, good reason, and good conscience" and that it is "distinct and different[] from the current form of equity … that was merged into the Federal Rules of Civil Procedure." *Id.* at 3 ¶ 1.

However, Plaintiff also states that this Court has diversity jurisdiction. *Id.* at 4 ¶ 2. Plaintiff describes himself as "foreign[] to the incorporated United States of America" in that he "privately resides and privately domiciles within a non-military occupied private estate." *Id.* at 4 ¶ 2, 8 ¶ 15. Plaintiff describes Defendants as "'statutory persons' within the incorporated United States of America, in the states of Pennsylvania, Delaware, South Carolina, and Virginia." *Id.* at 4 ¶ 2. Defendant NewRez, LLC is a "foreign Missouri Limited Liability Company … located in Dover, Delaware" and Defendant NewRez, LLC dba Shellpoint Mortgage Servicing is a "Missouri Fictitious name … located in Plymouth Meeting, Pennsylvania." *Id.* at 8 ¶¶ 17-18. Both of these Defendants "engage[] in the servicing of 'loans' secured by residential real property and debt collection activities." *Id.* Plaintiff states that Defendant Amerihome is an entity believed to be a trust … located in McLean, Virginia" who "[o]n information and belief, [] engages in investing in mortgage back securities, collateralized debt obligations, and/or asset-back securities." *Id.* at 8 ¶ 19. Finally, Defendant Catherine Dondvilla is "a natural person … located in Greenville, South Carolina" who is "responsible for all financial activities of NewRez, LLC." *Id.* at 8 ¶ 20.

### Plaintiff's Litigation Background

Based on a review of court records, Plaintiff has been involved in multiple lawsuits concerning real estate property foreclosures pertaining to a private trust.[2] In 2016, Plaintiff filed

---

[2] The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

a miscellaneous case in this Court that was found to be inappropriately filed and was transferred to a regular civil action. *See Howard v. James B Nutter & Co.*, No. 4:16-cv-336-CDP (E.D. Mo. filed Mar. 8, 2016). Plaintiff brought that civil action, which involved a foreclosure on real property, on behalf of a disabled private trust: "Wade-Garden Village Private Trust." *Id.* at ECF No. 1. Plaintiff claimed to be a "foreign citizen" in that case as well, describing himself as a "private citizen of the United States of America, privately residing and privately domiciling within a non-military occupied private estate, outside a 'Federal District', not subject to the jurisdiction of the United States." *Id.* at ECF No. 3-1 at 1. The Court found Plaintiff's claim of foreign citizenship "frivolous" and similar to "sovereign citizen" arguments that have been rejected by the Eighth Circuit. The case was dismissed for lack of subject matter jurisdiction. *Id.* at ECF No. 4. Plaintiff did not appeal that dismissal.

Plaintiff, under the name "CP Howard," also appears to have been involved in a suit to quiet title in state court where the "Dix-Osage Private Trust" was alleged to have recorded documents with "fraudulent intent [and] for the purposes of clouding title to the [subject] Property in order to prevent a foreclosure sale." *Bank of America, N.A. v. Richard Nix, et al.*, No. 1822-CC1637 (22nd Jud. Cir. filed Nov. 12, 2018). That matter was eventually voluntarily dismissed by the parties.

In this case, Plaintiff attached a "Notice of Trust & Entitlement Order" exhibit in which he seems to be attempting to transfer a mortgage loan account into a private trust of which he is the sole "Settlor/Beneficiary." ECF No. 1-3 at 15-16. Furthermore, in Plaintiff's 'Billing Statement' demanding payment of over 25 million dollars from Defendant Catherine Dondvilla at Shellpoint Mortgage Servicing, Plaintiff directs that the money should be sent to: "LCW Investment Trust." ECF No. 1-3 at 25. It is unclear how this Trust is related the facts of this case.

## Show Cause Order

The Court's July 14, 2021 Order acknowledged its threshold duty to determine whether the Court has jurisdiction over this matter. ECF No. 8 (citing *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citations omitted)). The Court explained its limited jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, or cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

The Court found that the instant action did not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 was inapplicable. As such, this Court only has jurisdiction if diversity exists under 28 U.S.C. § 1332 – the parties must reside in different states and the amount in controversy must be more than $75,000.

The Court found that despite Plaintiff's claim of being "foreign," based on the pleadings, Plaintiff appears to be domiciled in Missouri. However, the Court noted that Plaintiff did not identify the citizenship of each member of Defendant NewRez, which is a limited liability company ("LLC") or plead the citizenship of trustees of Defendant trust Amerihome. Therefore, the Court found Plaintiff's filings procedurally defective for not alleging sufficient facts to establish the citizenship of all defendants. Similarly, Plaintiff's pleadings did not satisfy the diversity jurisdiction amount-in-controversy requirement of $75,000 with support of "competent proof." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007).

As a result of these pleadings deficiencies, the existence of federal diversity jurisdiction over this matter was unclear and the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

## Show Cause Response

Plaintiff filed a response to the Show Cause Order on August 17, 2021. ECF No. 9. As to jurisdiction, Plaintiff states that the members of Defendant NewRez, LLC are citizens of the states of Pennsylvania, New York, and South Carolina. *Id.* at 2. The sole trustee of Defendant Amerihome is a Virginia corporation. *Id.* Plaintiff does not state the corporation's principal place of business. As for himself, Plaintiff explains that he uses the word "foreign" to describe his status, not in reference to another nation or country, but in reference to another jurisdiction "as in the case of American Aboriginal Tribes located on United States soil" and "foreign to the incorporated United States." *Id.* at 4. Plaintiff clarifies that he is "a descendent and member of an American Aboriginal Tribe" and he "is not and never will be a sovereign citizen." *Id.* As to the amount in controversy, Plaintiff states that his damages exceed $103,500 (the amount of the original loan), and that his current damage estimate is $660,762. *Id.* at 3.

Plaintiff's response also attempts to clarify his pleadings, which the Court had difficulty deciphering from his initial filing. Plaintiff states that his "Bill in Equity" contains a "clear summary of this dispute" in a single paragraph that spans three pages. *Id.* at 1 (*citing* ECF No. 1 at 9-12 ¶ 23). In that paragraph Plaintiff explains that in February 2020 he "began consulting with his CPA and researching bank lending practices," specifically "accounting requirements and standards of lending institutions." ECF No. 1 at 9. Plaintiff then lists fourteen (14) "practices" that "relate[] to lenders providing 'loans' to the public." *Id.* at 9-10. Plaintiff provides no citation or source for these "practices," and he only refers to generic "lenders" and "borrowers," making no specific allegations against named Defendants. Plaintiff then summarizes "the heart of this dispute" as:

> [Plaintiff] funded his own "loan," via the promissory note that was treated as a financial asset. Therefore, [Defendants] want to collect principal and interest

>payments on a "loan" the Original Creditor never lent. This material fact was never disclosed in the loan agreement (promissory note) or authorized by the [Plaintiff]. Thereby, [Plaintiff] mistakenly, erroneously, and accidently gave the Original Creditor a financial asset and is continuing to suffer significant damages as a result.

*Id.* at 10-11.

Plaintiff attached to his response the contract at issue in his claims (ECF No. 9 at 8-11), which he describes as "the promissory note that was treated as a financial asset and investment contract." ECF No. 9 at 3. Plaintiff states that he did not name the "Original Creditor" as a defendant in this action because the "Original Creditor negotiated the promissory note without recourse as shown in [the contract]." *Id.* at 5. According to Plaintiff, "when the Original Creditor treated the promissory note as a draft" – a "material fact [that] was never disclosed in the loan agreement … or authorized by [Plaintiff]" – "the promissory note immediately became a financial asset and an investment contract." Since "the Original Creditor obtained the financial asset due to inequitable means," a constructive trust was formed "by operation of law and equity." A constructive trust "governs all property transfers where title to property is obtained by fraud, duress, without consideration, or other inequitable means." Plaintiff states that he felt it "necessary to express trust" so he created the "Notice of Trust & Entitlement Order," in which he attempts to transfer the mortgage loan account into a private trust of which he is the sole "Settlor/Beneficiary/Entitlement Holder." *Id.* at 5; *see* ECF No. 1-3 at 15-16, 30.

Plaintiff provides no legal authority in support of his assertions. However, he does state that in addition to state law contract claims, he is asserting "federal questions of law as to the Uniform Commercial Code, the Federal Deposit Insurance Corporation laws as set forth under 12 U.S. Code, the federal Consumer Credit Protection laws as set forth under 15 U.S. Code, and the

Internal Revenue Code as set forth under 26 U.S. Code." *Id.* at 2. However, Plaintiff does not provide any legal citations to any sections of these statutes.[3]

## Discussion

Based on a liberal reading and construction of Plaintiff's self-represented pleadings in this case, the Court construes the pleadings as sufficient to find subject matter jurisdiction over this matter. However, Plaintiff's claims are time-barred by the statute of limitations and his allegations fail to state a valid claim for relief against the named Defendants. As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### I. Subject Matter Jurisdiction

Plaintiff alleges that he is a "foreign" citizen based on his status as a "descendent and member of an American Aboriginal Tribe." ECF No. 9 at 4 ¶ 7. The Court discussed how citizenship is determined for individuals in diversity cases in its July 2021 Order. *See* ECF No. 8 at 7 (discussing the two-part test for domicile). Plaintiff does not contest the Court's conclusion that he is domiciled in the state of Missouri. Based on Plaintiff's allegations, the named Defendants are citizens of Pennsylvania, New York, and South Carolina (Defendants NewRez, LLC and NewRez, LLC dba Shellpoint Mortgage Servicing); Virginia (Defendant Amerihome); and South Carolina (Defendant Dondvilla). As such, assuming Plaintiff is a citizen of Missouri, there appears to be complete diversity of citizenship between the named parties. Furthermore, Plaintiff asserts that the amount in controversy is at least the amount of the initial loan, $103,500.

---

[3] The Court notes that Plaintiff's letter to Defendant Dondvilla, in which he makes demands on Shellpoint Mortgage Servicing, cites "U.C.C. §§ 8-505, 8-506, and 8-507." *See* ECF No. 1-3 at 30. These provisions of the Uniform Commercial Code refer to actions that may be taken by a "securities intermediary," defined as "(i) a clearing corporation; or (ii) a person, including a bank or broker, that in the ordinary course of its business maintains securities accounts for others and is acting in that capacity." U.C.C. § 8-102(14). There is no evidence before the Court that Plaintiff is a "clearing corporation" or a "bank or broker." Nor is there any indication that Plaintiff was acting on behalf of another, in a capacity of maintaining a security account, when he sent this demand letter to Dondvila and Shellpoint Mortgage Servicing.

ECF No. 9 at 2-3. Therefore, based on the information currently before the Court, the allegations are sufficient to find that the Court has diversity jurisdiction under 28 U.S.C. § 1332, and that dismissal under Federal Rule 12(h)(3) is not proper at this time.

## II. Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### III. Claims Time-Barred by the Statute of Limitations

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted). Plaintiff's claims in this case are all based on a promissory note executed in 2004. Plaintiff alleges that he signed that note, dated April 28 2004, based on a "material fact [that] was never disclosed … or authorized" by him and therefore the contract was executed based on a mistake, error, or accident. ECF No. 1 at 10-11. All of plaintiff's causes of action – breach of contract, breach of fiduciary duty, fraud in the factum, negligent misrepresentation, gross negligence, and unjust enrichment – are alleged violations which occurred at the time of the execution of the promissory note.

The promissory note states that it was executed in Missouri. ECF No. 9 at 8. As such, assuming diversity jurisdiction exists here, the applicable substantive law would be Missouri law. *See Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595–96 (8th Cir. 2007). Under Missouri law, there is a five-year statute of limitations on all "actions upon contract." Mo. Rev. Stat. § 516.120(1). There is an exception to this provision if the contract involves an "action upon any writing … for the payment of money or property," in which case the limitations period is ten years. Mo. Rev. Stat. § 516.110(1). With application of either statute of limitations, this 2021 case was filed at least seven years late. Plaintiff's claims here are time-barred and this case must be dismissed under 28 U.S.C. § 1915.

### IV.  Allegations Fail to State a Valid Claim Against Named Defendants

Furthermore, Plaintiff's pleadings fail to state a valid claim for relief against any of the named Defendants. Plaintiff's allegations against the named Defendants are merely "legal conclusions" with no "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

The promissory note at issue is a contract between Lender "St. Louis Postal Credit Union" and an unnamed Borrower. ECF No. 9 at 8-11. Due to blacked-out sections on the contract, it is not obvious that Plaintiff is the Borrower and his name is not on the contract provided. Assuming that Plaintiff is the Borrower, the note represents an agreement between Plaintiff and a party not named as a defendant in this suit – the "Original Creditor." All of Plaintiff's claims are based on alleged fraud that occurred at the time of the execution of this note by the Original Creditor – not the named Defendants. Plaintiff alleges that the Original Creditor "stole" his "financial asset" when it "treated the promissory note as a draft." ECF No. 1 at 11.

Plaintiff describes the Defendants as "transferees and assignees" of the contract and he alleges that they "inherit the liabilities" of the Original Creditor. ECF No. 1 at 20-21 ¶ 45. Plaintiff provides no legal basis for this assertion of inheritance. Plaintiff also makes no allegations that the Defendants committed any wrongdoing in the execution of the contract, or that the Defendants knew that the contract was invalid or entered into under fraudulent terms. Plaintiff even admits in his pleading that he is not even sure about the Defendants' connection to the contract when he states: "Although not verified, the financial asset currently appears to be somehow linked to the [Defendants]." *Id.* at 9 ¶ 22. Liberally construing the allegations, the Court finds that Plaintiff fails to plead sufficient factual allegations against the named Defendants to state a valid claim for relief.

## Conclusion

Based on the face of the pleadings, the Court has diversity jurisdiction over this case. However, Plaintiff's pleadings fail to assert sufficient factual allegations to state a valid claim against any named Defendant. Plaintiff's claims are time-barred under the statute of limitations. In addition, Plaintiff's claims are founded on an allegedly invalid contract yet he fails to name the contracting party, who committed the alleged fraud, as a defendant in this suit.[4] Regardless, Plaintiff is the master of his complaint and he has chosen to pursue suit against other parties. However, Plaintiff's allegations against these other parties fail to state a claim for relief. For all of these reasons, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B). Accordingly,

**IT IS HEREBY ORDERED** that that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants NewRez, LLC; NewRez, LLC dba Shellpoint Mortgage Servicing; FHCMC-NRZ Amerihome 207840; and Catherine Dondvilla because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants NewRez, LLC; NewRez, LLC dba Shellpoint Mortgage Servicing; FHCMC-NRZ Amerihome 207840; and Catherine Dondvilla are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22ND day of November, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[4] The Court recognizes that inclusion of the Original Creditor – described by Plaintiff as a Missouri corporation – would destroy complete diversity of citizenship here. *See* ECF No. 1 at 8 ¶ 16.